Per curiam.

The first count of the declaration is good in substance, although defective for duplicity, in assigning the breach of the defendant’s contract. His agreement was not in the alternative “ to render a just and true account, ” or “ to pay ” the sum set forth in the declaration. The same neglect to account was not, of itself, a breach of the defendant’s undertaking, and the action is evidently brought, to recover the difference between' the sum for which the goods were actually sold, and that to which the *152 defendent was restricted. But a defect in the declaration for duplicity, cannot be taken advantage of by general demurer : it must be specially pointed out, and the defendant cannot therefore avail himself of it, in the present'state of the pleadings. ■ ■
If these goods were to be sold by the defendant at auction; it does not follow that the contract between the parties was corrupt, because the plaintiff limited the sale of his goods to a specific sum. It might be, that he directed the defendant to offer them at, or not below, a certain price; and there certainly would not .be any thing unlawful in such a direction. But the first count does not state that the defendant undertook to sell the goods at auction. It does not appear that they were not actually disposed of at private sale; and there is nothing in the declaration which compels the court to infer a sale by auction. The declaration, it is true, commences by setting forth that the defendant was an auctioneer; but there is no allegation that he received the goods as auctioneer, or that they were to be sold atpulic auction. The averment is, that the goods were disposed of for a sum below that limited by the plaintiff; but the capacity in which they were received, and the manner in which they were sold, no where appears upon the declaration. It comes then simply to this, that the defendant received a certain quantity of goods of the plaintiff, under an agreement that he should not part with them, for a sum below a particular amount specified. In violation of this contract, he- sold the goods at a price below the limits fixed by the agreement, and the plaintiff brings this action for the injury thus sustained. There is nothing upon this state of facts to prevent his recovery upon the first count.
But the second count is clearly bad upon the face of it. The contract, on the part of the defendant, was to sell the goods, and account for the proceeds : and it is evident that he cannot be in default before they are disposed of. He did not undertake to sell the goods, at all events; but his promise, as set forth in the declaration, was, not to part with them for less than a fixed sum; If, therefore, the goods have not been sold, the defendant is not yet answerable : and there is no averment in the second count of a *153 sale of any kind either above or below the fixed limits, while the breach is for not accounting. Until a sale takes place there can be no violation of the contract; and as this count contains no averment of sale, it is clearly bad, for the want of it. But where-ever there is a general demurrer to a declaration, consisting of seeral counts, if any one of them prove good, there must be judgment for the plaintiff, in this case, therefore, as the first count is in substance good, there must be jifdgment for the plaintiff upon the demurrer.
Judgment for the plaintiff on the demurrer.
[S. B. H. Judah, atty. for the plff. H. M. Western, atty. for the dfft.]